UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-81264-ROSENBERG/REINHART

PATRICK MCATEER & J. DOUGLAS
WILKINS,

    Plaintiffs,

v.

CIARDI CIARDI & ASTIN, P.C.,
a Pennsylvania professional corporation,
ALBERT A. CIARDI, III & THOMAS
D. BIELLI,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE

**THIS CAUSE** is before the Court upon Defendants' Motion to Transfer Venue [DE 6]. The Motion has been fully briefed. For the reasons set forth below, the Motion is denied.

This is an attorney malpractice case. More specifically, Plaintiffs allege that the Defendants were negligent in their representation of Plaintiffs in a foreclosure action litigated in Florida state court. Defendants have filed the instant Motion to Transfer Venue on the premise that it would be more convenient for Defendants to litigate this matter in their home district of Pennsylvania.

28 U.S.C. § 1404(a) governs Defendants' request, and the statute reads as follows:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.[1]

The standard for transfer under § 1404(a) leaves much to the broad discretion of the trial court, and once a trial judge decides that transfer of venue is or is not justified, the ruling can only be

---
[1] The parties do not dispute that this case could have been brought in Pennsylvania.

overturned for a clear abuse of discretion. *See Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991); *see also Gonzalez v. Pirelli Tire, LLC*, No. 07-80453-CIV, 2008 WL 516847 (S.D. Fla. Feb. 22, 2008) (collecting many of the cases cited below). Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to litigants, witnesses, and the public and to conserve time, energy, and money. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The burden is on the movant to establish that the suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

Generally, the factors to be considered are the "[p]laintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious, and inexpensive." *Eye Care Intern., Inc. v. Underhill,* 119 F. Supp. 2d 1313, 1317-18 (M.D. Fla. 2000) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Here, the Court is persuaded that the most important factors in this case are the Plaintiffs' choice of forum, the parties' access to sources of proof, and the availability for compulsory process of witnesses as more fully detailed below.

### Choice of Forum

A plaintiff's choice of forum is given considerable deference. *In re Ricoh Corp.*, 870 F.2d at 573. This factor weighs in favor of Southern District of Florida.

### The Parties' Access to Sources of Proof and the Availability of Compulsory Process of Witnesses

Defendants' Motion emphasizes that because this case is about Defendants' alleged negligent representation, most of the evidence in this case resides in the district from which

2

Defendants represented Plaintiffs—Pennsylvania. Defendants also contend that this case must be examined in the broader context of many types of representation that Defendants provided to Plaintiffs, and that all of that representation was centered in Pennsylvania  Facially, then, Defendants have a valid basis for this action to be transferred to Pennsylvania.

Plaintiffs concede that Defendants are important witnesses, however, Plaintiffs outline in great detail in their Response where the *key* witnesses for their case reside—Florida. Critical to this case are the circumstances surrounding a deficiency judgment that was entered against Plaintiffs. Plaintiffs, in their Motion, explain how they will strongly rely on testimony from witnesses in Florida to prove that Defendants' negligence resulted in the entry of a deficiency judgment against them. Plaintiffs contend that on the eve of trial (in the state court foreclosure case) the Defendants stipulated to the entry of a deficiency judgment against Plaintiffs and, when subsequently deposed on the subject, Defendants "had no memory" of the stipulation. DE 11. Plaintiffs contend that they can prove Defendants' stipulation through the testimony of attorney-witnesses who reside in this district (the attorneys who represented the creditor in the foreclosure action). *Id.* Furthermore, Plaintiffs contend that they can prove that Defendants failed to properly value the property in foreclosure and that this evidence, in the form of testimony, will come from witnesses who reside in this district. *Id.* In summary, the location of evidence and the availability of compulsory process strongly favor the Southern District of Florida, and no other section 1404 factor weighs strongly in favor of any district. A transfer may only be granted for convenience when the balance of factors *strongly* favors transfer[2] and here, by contrast, the balance of factors weighs *against* transfer.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Transfer

---

[2] *E.g., Stiefel Labs., Inc. v. Galderma Labs, Inc.*, 588 F. Supp. 2d 1336, 1338 (S.D. Fla. 2008).

[DE 6] is **DENIED**.

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, this 19th day of November, 2018.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record