UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-81264-ROSENBERG/REINHART

PATRICK MCATEER & J. DOUGLAS
WILKINS,

    Plaintiffs,

v.

CIRADI CIARDI & ASTIN, P.C., et al.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss at docket entry 16. The Motion has been fully briefed. For the reasons set forth below, the Motion is denied.

This is an attorney malpractice case. Plaintiffs allege that Defendants engaged in malpractice by providing legal services under a Florida law license, in Florida state court, concerning Florida-based real property in foreclosure proceedings. DE 1-1. Plaintiffs allege that in the Florida case Defendants authorized a stipulated deficiency judgment without Plaintiffs' approval and without telling Plaintiffs. *Id.* Furthermore, Plaintiffs allege that Defendants fraudulently concealed the stipulation from Plaintiffs. *Id.*

Notwithstanding the strong connection that Plaintiffs' Complaint has with the State of Florida, Defendants' Motion to Dismiss is entirely founded on the premise that Pennsylvania law—not Florida law—should apply to Plaintiffs' Complaint. Because Plaintiffs have invoked the diversity jurisdiction of this Court, the conflict of law rules of Florida apply to Plaintiffs' claims. *E.g., Grupo Televisa, S.A. v. Telemundo Comms. Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007). Florida law uses the "most significant relationship" test to resolve conflict of law questions. *Bishop v. Florida Speciality Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980). Usually the state where the injury occurred is the state with the most

significant relationship to the claim. *Id.*[1] As discussed above, Plaintiffs' claims have a strong connection with the state of Florida—Defendants provided legal services using a Florida law license, in a Florida court, in connection with a pending foreclosure on Florida real property. *E.g., Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC*, No. 11-CV-368, 2011 WL 2981726 (M.D. Fla. July 22, 2011) (ruling that Florida attorneys who provided legal representation in Tennessee state court for Tennessee-based real property were subject to Tennessee law). To justify the application of Pennsylvania law, Defendants point to facts outside of Plaintiffs' Complaint. At this juncture, such argument is premature. The Court therefore denies Defendants' Motion to Dismiss,[2] however, this denial is without prejudice for Defendants to re-raise their choice of law argument at summary judgment when the Court can consider facts and evidence outside of the scope of Plaintiff's Complaint.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [DE 16] is **DENIED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 10th day of December, 2018.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE

---

[1] Other factors favor the application of Florida law in this case as well. For example, a court may consider where the conduct giving rise to the alleged injury occurred and here, pursuant to Plaintiffs' Complaint, the conduct occurred in connection with Defendants' representation in an active proceeding in Florida state court. *See Bishop* at 1001.

[2] To the extent Defendants argue that Plaintiffs have failed to sufficiently plead fraud under the pleading requirements of the Federal Rules, that argument is rejected as Plaintiffs' fifty-page Complaint pleads fraud with sufficient particularity.