UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-81264-ROSENBERG/REINHART

PATRICK MCATEER and
J. DOUGLAS WILKINS,

    Plaintiffs,

v.

CIARDI CIARDI & ASTIN, P.C., *a
Pennsylvania professional corporation*, *et al.*,

    Defendants.
_____/

## **ORDER DENYING DEFENDANTS' MOTION TO ABATE OR STAY PROCEEDINGS**

This matter is before the Court on Defendants' Motion to Abate or Stay Proceedings [DE 79]. Defendants ask the Court for a stay or abatement pending the resolution of an ongoing state action to vacate a Stipulated Deficiency Judgment. The Court has carefully considered the Motion, Plaintiffs' Response thereto [DE 81], Defendants' Reply [DE 82], and the record, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is denied.

The pendency of an action in state court generally does not bar a proceeding in federal court concerning the same subject matter. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Id.* "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id.* at 813; *see also Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1328 (11th Cir. 2004)

("[F]ederal courts can abstain to avoid duplicative litigation with state courts only in exceptional circumstances." (quotation marks omitted)).

A "decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). "When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Id.* (stating that, "[i]f there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay"). "*Colorado River* analysis is applicable as a threshold matter when federal and state proceedings involve substantially the same parties and substantially the same issues." *Ambrosia*, 368 F.3d at 1329-30 (rejecting a rule where abstention would be permissible only when the federal and state cases have identical parties, issues, and requests for relief).

A court must analyze the following factors when determining whether to abstain: (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the forums obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights. *Id.* at 1331. No one factor is determinative, and the weight to be given to the factors varies from case to case. *Id.* at 1332 (stating that "the factors must be considered flexibly and pragmatically, not as a mechanical checklist" (quotation marks omitted)). However, "the abstention inquiry must be heavily weighted in favor of the exercise of jurisdiction." *Id.* (quotation marks omitted). A stay, rather than dismissal, is the proper procedural

mechanism when a district court defers to a parallel state proceeding under *Colorado River*. *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 998 (11th Cir. 2004).

As an initial matter, the Court is not convinced that this case and the state action are "substantially the same," such that *Colorado River* analysis is applicable. *See Ambrosia*, 368 F.3d at 1330. Only one of the parties to this case, Plaintiff J. Douglas Wilkins, is a current party to the state action. And the issue in the state action—whether there is a basis to vacate the Stipulated Deficiency Judgment—is distinct from the main issue in this case—whether Defendants breached a standard of care that they owed to Plaintiffs.

The Court nevertheless considers the relevant factors but concludes that a stay is not warranted. The first two factors do not weigh in favor of abstention.[1] The cases are not *in rem* proceedings, and Defendants do not contend that the federal forum, located in the same county as the state court, is inconvenient. The Court notes that Defendants, in fact, removed this case to this forum from state court. *See id.* at 1332 (stating that the first factor does not favor abstention when the cases at issue are not *in rem* proceedings and that the second factor focuses primarily on the physical proximity of the federal forum to the evidence and witnesses).

The third factor concerning the avoidance of piecemeal litigation "does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." *Id.* at 1333. Defendants' primary argument for abstention is that the damages here are dependent on the outcome of the state action. The state action's outcome may impact Wilkins's damages, as the Stipulated Deficiency Judgment on which he partially bases his damages request may be vacated. Defendants are incorrect, though, that the

---

[1] Defendants at first assert that the first and second factors "favor abstention" but then, within the same paragraph, concede that the factors are "neutral to the analysis" and "inconsequential." *See* DE 79 at 7.

state action's outcome will be determinative of damages in this case, as Plaintiffs also seek damages of attorneys' fees and costs for litigating the state action, and Plaintiff Patrick McAteer seeks damages for his settlement in the state action. Defendants represent to the Court that the two cases are "identical" in that they raise "the exact same issues of fact and law." *See* DE 79 at 3, 6-7. But the two cases involve different parties and different causes of action. Thus, it is untrue that this Court "will have nothing further to do in resolving any substantive part of the case" after the state action resolves. *See Moses H. Cone*, 460 U.S. at 28. Although some of the facts at issue in the two cases overlap,[2] the Court cannot conclude that dual proceedings will result in "abnormally excessive or deleterious" piecemeal litigation. *See Ambrosia*, 368 F.3d at 1333 (stating that dual proceedings do not justify abstention even if they will result in some repetition of efforts and a possibility of some piece-by-piece decision making, where "there is no indication that piecemeal litigation poses any greater waste or danger" than "in the vast majority [of] federal cases with concurrent state counterparts"). This factor does not weigh heavily in favor of abstention.

The fourth factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. While the state action was filed seven months before this case, that action still is proceeding through discovery and does not have a trial date. Meanwhile, discovery is complete in this case, this Court has ruled on Defendants' Summary Judgment Motion, and the parties are

---

[2] Defendants assert that the main factual issue in both this case and the state action is whether they had authority from Plaintiffs to consent to the entry of the Stipulated Deficiency Judgment. Defendants do not argue that a finding by the state court on this or any other factual issue is binding on this Court, nor do Defendants provide authority for such a proposition.

preparing for trial.  Defendants did not file the instant Motion for a stay until this case had been pending for over a year.  This factor does not favor abstention.

The fifth factor similarly does not weigh in favor of abstention.  Both this case and the state action involve causes of action brought under state law, but, as stated above, those causes of action are not the same.  Defendants do not contend that the standard for vacating a judgment under Florida law is the same as the standard for finding legal negligence under Florida law.  While both cases require an application of state law, it is not an application of the same state law.

Finally, the parties do not contend that either fora is inadequate to protect their rights. *See Ambrosia*, 368 F.3d at 1334 (stating that the sixth factor "will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights").  The Court notes again that Defendants chose this forum by removing this case to federal court.  The sixth factor does not favor abstention.

In short, analysis of the relevant factors demonstrates that this case does not present the exceptional circumstances necessary to overcome this Court's obligation to exercise its jurisdiction.  *See Colo. River*, 424 U.S. at 813, 817; *Ambrosia*, 368 F.3d at 1328, 1332.  For the foregoing reasons, Defendants' Motion to Abate of Stay Proceedings [DE 79] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 11th day of September, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record