# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:18-cv-81264-ROSENBERG/REINHART

PATRICK MCATEER and
J. DOUGLAS WILKINS,

      Plaintiffs,

v.

CIARDI CIARDI & ASTIN, P.C., *a*
*Pennsylvania professional corporation*, *et al.*,

      Defendants.

_____/

## <u>ORDER DENYING DEFENDANTS' DAUBERT MOTIONS</u>

This matter is before the Court on Defendants' Amended Daubert Motion to Exclude Testimony of Robert Hackleman, and in the Alternative, Motion in Limine [DE 65] and on Defendants' Amended Daubert Motion to Exclude the Report and Testimony of Robert Banting [DE 66]. The Court has carefully considered the Motions, Plaintiffs' Responses thereto [DE 69 and 70], Defendants' Replies [DE 73 and 75], and the record, and is otherwise fully advised in the premises.

The proponent of expert testimony "must demonstrate that the witness is qualified to testify competently, that his opinions are based on sound methodology, and that his testimony will be helpful to the trier of fact." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty.*, 402 F.3d 1092, 1107 (11th Cir. 2005). While a district court serves as a gatekeeper to the admissibility of expert testimony, credibility and persuasiveness are reserved for the jury. *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional

and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).

First, upon review of their backgrounds, experience, and qualifications, the Court concludes that Attorney Hackleman and Mr. Banting are qualified to testify competently in their respective areas of testimony. *See Clena Invs., Inc. v. XL Specialty Ins. Co.*, 280 F.R.D. 653, 661 (S.D. Fla. 2012) (stating that inquiry into a witness's qualifications is "not stringent" and that, "so long as the expert is minimally qualified, objections to the level of the expert's expertise go to credibility and weight, not admissibility" (alteration and quotation marks omitted)).

Second, upon review of their experience, the subject matter of the testimony, and the rules and standards at issue, the Court concludes that Attorney Hackleman's and Mr. Banting's opinions in their non-scientific areas of testimony are based on sufficiently reliable methodology. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) (stating that the relevant reliability concerns may focus on personal knowledge and experience in cases involving non-scientific issues). Finally, Defendants do not challenge the witnesses' testimony as unhelpful to a jury.

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Amended Daubert Motion to Exclude Testimony of Robert Hackleman, and in the Alternative, Motion in Limine [DE 65] is **DENIED**. However, as discussed during the Status Conference on September 12, 2019, Attorney Hackleman is not permitted to opine based on his own best practices.

2. Defendants' Amended Daubert Motion to Exclude the Report and Testimony of Robert Banting [DE 66] is **DENIED**.

3. Defendants' Daubert Motion to Exclude Testimony of Robert Hackleman, and in the Alternative, Motion in Limine [DE 53] is **DENIED AS MOOT**.

4. Defendants' Daubert Motion to Exclude the Report and Testimony of Robert Banting [DE 60] is **DENIED AS MOOT**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 16th day of September, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record