# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:18-cv-81264-ROSENBERG/REINHART

PATRICK MCATEER and
J. DOUGLAS WILKINS,

      Plaintiffs,

v.

CIARDI CIARDI & ASTIN, P.C., *a*
*Pennsylvania professional corporation*, *et al.*,

      Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION
## FOR LEAVE TO AMEND AFFIRMATIVE DEFENSES

This matter is before the Court on Defendants' Motion for Leave to Amend Affirmative Defenses. DE 160. The Court has considered the Motion, Plaintiffs' Response [DE 167], and the record, and is otherwise fully advised in the premises.

Defendants seek to amend the Answer to add the affirmative defense of nonmutual collateral estoppel. Defendants raise this defense for the purpose of contending that Plaintiffs are estopped from relitigating issues resolved by a Summary Judgment Order issued by the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida on October 16, 2019. *See* DE 160 and 160-1. That Order granted summary judgment for Heartwood 91-4, LLC in a state case in which Plaintiffs had sought to vacate the stipulated deficiency judgment. Plaintiff Patrick McAteer had previously settled with Heartwood in the state case and was no longer a participant in the state case at the time of the Summary Judgment Order, and Defendants to this case were not parties in the state case.

State law on collateral estoppel governs whether a state court judgment bars the relitigation of an issue in a federal diversity action. *Mike Smith Pontiac, GMC, Inc. v. Mercedes-Benz of N. Am., Inc.*, 32 F.3d 528, 532 (11th Cir. 1994); *see also CSX Transp., Inc. v. Gen. Mills, Inc.*, 846 F.3d 1333, 1340 (11th Cir. 2017) (holding that state law on collateral estoppel governs whether a judgment of a federal court sitting in diversity bars the relitigation of an issue in another federal action).

Florida law requires mutuality of parties in order for collateral estoppel to apply. *Stogniew v. McQueen*, 656 So. 2d 917, 919 (Fla. 1995) ("Florida has traditionally required that there be a mutuality of parties in order for the doctrine to apply. Thus, unless both parties are bound by the prior judgment, neither may use it in a subsequent action."); *see also Quinn v. Monroe Cty.*, 330 F.3d 1320, 1330 (11th Cir. 2003) (citing *Stogniew* for the proposition that "Florida requires mutuality of parties in order for the doctrine of collateral estoppel to apply"). Mutuality is required regardless of whether collateral estoppel is being used offensively or defensively. *E.C. v. Katz*, 731 So. 2d 1268, 1269-70 (Fla. 1999).

The Florida Supreme Court explicitly stated in *Stogniew* that it is "unwilling to follow the lead of certain other states and of the federal courts in abandoning the requirements of mutuality in the application of collateral estoppel." *Stogniew*, 656 So. 2d at 919-20 (reasoning that "many other courts continue to adhere to the doctrine of mutuality" and that "[w]e are not convinced that any judicial economies which might be achieved by eliminating mutuality would be sufficient to affect our concerns over fairness for the litigants"). The Florida Supreme Court has recognized a limited exception to the requirement of mutuality that is inapplicable in this case. *See id.* at 919 (explaining that this "narrow exception" is that "a criminal defendant who ha[s] unsuccessfully

brought an ineffective assistance of counsel claim in a postconviction proceeding [is] held to be collaterally estopped from raising the same claim in a legal malpractice action against his former lawyer").

Because collateral estoppel under Florida law requires mutuality of parties, and because Defendants were not parties to the state case, Plaintiffs are not estopped from relitigating issues resolved by the Summary Judgment Order issued on October 16, 2019. Thus, permitting Defendants to amend the Answer to assert the affirmative defense of nonmutual collateral estoppel is futile.

For the foregoing reasons, Defendants' Motion for Leave to Amend Affirmative Defenses [DE 160] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 7th day of November, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record